CHARLES D. NAYLOR, State Bar No. 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, California 90802
Telephone: (310) 514-1200
Facsimile: (310) 514-1837
E-Mail: cnaylor@naylorlaw.com

Attorneys for Plaintiff,
JEFFREY AMESTOY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY AMESTOY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 1:20-cv-01075-NONE-SKO<br><br>IN ADMIRALTY<br><br>**JOINT STIPULATION AND ORDER TO MODIFY CASE SCHEDULE**<br><br>(Doc. 26) |

Plaintiff JEFFERY AMESTOY and Defendant UNITED STATES OF AMERICA and their respective counsel of record, collectively ("the Parties"), hereby submit this third joint stipulation to modify the fact and expert discovery deadlines, and the expert disclosure dates by (approximately) thirty (30) days.

On May 14, 2021, the parties submitted a Joint Stipulation and [Proposed] Order to Extend the Expert Disclosure (Initial and Rebuttal) and Expert Discovery Cutoff dates [Doc 20]. Therein the parties sought to extend those dates, and the expert discovery cutoff dates by 60 days. At the time the Parties had intended to also request that the Court extend the fact discovery cutoff date but through inadvertence, failed to include that request in their Joint Stipulation and [Proposed] Order. On May 17, 2021, the Court issued its first Order modifying the Scheduling Order [Doc 21]. After recognizing their error of not including the Fact Discovery Cutoff in their earlier Joint Stipulation and

[Proposed] Order, the parties submitted a second Joint Stipulation and [Proposed] Order on June 30, 2021, seeking to extend the deadline for fact discovery for sixty (60) days. The Court granted that request and issued its Order extending the deadline for fact discovery on July 1, 2021 [Doc 24].

The Parties assert that there is good cause to amend the Scheduling Order [Doc 17] as modified by the Courts Orders of May 17, 2021, and July 1, 2021, and propose the schedule set forth below. The request for extension is based on the following:

1. The Parties timely exchanged Initial Disclosures.

2. The Parties have been diligent in conducting discovery. The Parties have each propounded and responded to a set of written discovery.

3. The Parties completed a private mediation on April 28, 2021, with Harris Weinberg. Although the matter was not resolved at that time, the parties came up with a discovery plan and have agreed to participate in ongoing mediation discussions with Mr. Weinberg.

4. The Parties jointly retained a marine surveyor to conduct an inspection of the vessel USNS WILLIAM R. BUTTON (hereinafter "BUTTON") and provide an inspection report, which was completed on August 11, 2021.

5. The depositions of Plaintiff's treating orthopedic surgeon, Elisabeth Siegler M.D. and the deposition of Plaintiff were taken by Defendant on July 28, 2021, and August 4, 2021, respectively.

6. The depositions of witnesses Gregory Jackson and Franklin Muna were taken by Plaintiff on August 19, 2021.

7. The depositions of Defendant's FRCP Rule 30(b)(6) designee, and of any additional crewmember witnesses are expected to be completed on or before October 6, 2021.

8. The COVID-19 pandemic and government responses thereto may significantly affect the Parties' ability to conduct remaining discovery in this case. The vessel on which the subject incident occurred, the USNS WILLIAM R. BUTTON

(hereinafter "BUTTON") has been in Saipan and Guam. It is not accessible to visitors (including the parties' experts) due to government and coast guard restrictions.

9. The witnesses to the subject incident are seamen. Witnesses Jackson and Muna were not able to sign off the BUTTON to complete their deposition(s) until August 19, 2021. Defendant's FRCP 30(b)(6) designee will be the current Captain of the BUTTON and he has not been able to sign off the vessel, for the purpose of being deposed remotely because of vessel operations. The Parties anticipate his deposition can be completed within the next two weeks. Additional potential crew member witnesses have been discharged from the BUTTON and have been difficult for the Parties to locate and depose.

10. The Parties have discussed the timing of their expert disclosures and agree that the deposition of Defendant's FRCP Rule 30(b)(6) designee and the remaining crew member witnesses is required for their experts' full assessment and opinions. The Parties believe a continuance of the fact and expert discovery deadlines, and the initial and rebuttal expert disclosure dates by (approximately) thirty (30) days is necessary to allow time for completion of depositions and to finalize and exchange expert reports. The Parties believe that the denial of this request for a continuance of fact and expert discovery deadlines, and the initial and rebuttal expert disclosure deadlines will result in prejudice to both Parties because they will be unable to effectively prepare or defend the case as a result of a lack of liability expert assessment and opinions.

11. The matter is set for a settlement conference on October 12, 2021. The requested extension will not interfere with the Parties readiness for this settlement conference.

12. In light of the above, the Parties submit there is good cause for the continuance reflected in the Parties' proposed schedule. Accordingly, the Parties jointly and respectfully request the continuances outlined below:

| **Matter** | **Current Date:** | **New Date:** |
| --- | --- | --- |

| | | |
|---|---|---|
| Fact Discovery Cutoff | September 6, 2021 | October 6, 2021 |
| Initial Expert Disclosure | September 10, 2021 | October 11, 2021 |
| Rebuttal Expert Disclosure | October 8, 2021 | November 8, 2021 |
| Expert Discovery Cutoff | November 5, 2021 | December 6, 2021 |

In light of the above, the Parties submit there is good cause for the continuance reflected in the Parties' proposed schedule. The proposed date change was selected and agreed upon to allow sufficient time for completing discovery to the point that it will not interfere with the Parties and attending the October 12, 2021, settlement conference, if the parties are unable to resolve this through ongoing private mediation.

IT IS SO STIPULATED.

Respectfully submitted.

Dated: August 31, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
ERIC KAUFMAN-COHEN
Assistant Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6647
Facsimile: (415) 436-6632
E-mail: eric.kaufman-cohen@usdoj.gov

Attorneys for Defendant
United States of America

By: *<u>/s/ Lisa M. Conner (as authorized on 8/31/21)</u>*
Flynn, Delich & Wise LLP

One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone: (562) 435-2626
Facsimile: (562) 437-7555
E-mail: lisac@fdw-law.com
Of Counsel to the United States

Dated: August 31, 2021 Law Offices of Charles D. Naylor

By: *<u>/s/ Charles D. Naylor</u>*
CHARLES D. NAYLOR
Attorneys for Plaintiff
JEFFREY AMESTOY

# ORDER

Based on the Joint Stipulation of the parties (Doc. 26), and good cause appearing therefor, the case schedule (Docs. 21 & 24) is MODIFIED as follows: [1]

| | **Current Date** | **Continued Date** |
|---|---|---|
| Fact Discovery Cutoff | September 6, 2021 | October 6, 2021 |
| Initial Expert Disclosure | September 10, 2021 | October 11, 2021 |
| Rebuttal Expert Disclosure | October 8, 2021 | November 8, 2021 |
| Expert Discovery Cutoff | November 5, 2021 | December 6, 2021 |
| Non-Dispositive Motion Filing Deadline | November 17, 2021 | December 13, 2021 |
| Non-Dispositive Motion Hearing Deadline | December 15, 2021 | January 12, 2022 |
| Dispositive Motion Filing Deadline | November 17, 2021 | December 20, 2021 |

IT IS SO ORDERED.

Dated: **September 1, 2021**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

[1] The parties did not stipulate to continuation of the motion deadlines. The Court on its own motion continues these dates to allow the parties time to complete discovery in advance of the motions and to allow the Court time to rule on the motions in advance of the Pre-Trial Conference, so that the parties may adequately prepare for trial. All other deadlines, including the Pretrial Conference (*see* Doc. 21) and the Settlement Conference (*see* Doc. 25), remain as set.